UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CROWN CRAFTS INFANT           CIVIL ACTION
PRODUCTS, INC.
                              NUMBER 11-354-BAJ-SCR
VERSUS

SMART DEALS, INC., ET AL

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 11, 2012.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CROWN CRAFTS INFANT          CIVIL ACTION
PRODUCTS, INC.
                             NUMBER 11-354-BAJ-SCR
VERSUS

SMART DEALS, INC., ET AL

## MAGISTRATE JUDGE'S REPORT

Before the court is Defendants Smart Deals, Inc. and JoJo Designs, LLC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Record document 5. The motion is opposed by plaintiff Crown Craft Infant Products, Inc.[1]

### Background

Plaintiff Crown Crafts Infant Products, Inc. filed this suit against defendants Smart Deals, Inc. and JoJo Designs, Inc. alleging claims of unfair competition, trademark infringement, and unfair and deceptive trade practices under state and federal law. Plaintiff is a supplier of infant and toddler products under the trademark NoJo, which it owns. Plaintiff alleged that the defendants sold similar goods under the JoJo Designs trademark which directly competed with the plaintiff's products. Plaintiff alleged that the defendants' use of the JoJo Designs trademark violates the plaintiff's rights in its NoJo trademark and causes

---

[1] Record document number 9. Defendants filed a reply memorandum. Record document number 12.

public consumer confusion in identifying the plaintiff's goods.

Defendants filed this motion to transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Defendants argued that the relevant documents and evidence of the design, selection, research, and implementation of their trademark are located in Florida. Defendants also argued that the Southern District of Florida is more convenient and less costly for their witnesses. Defendants noted that the Southern District of Florida has an local interest in resolving this matter because it affects the work and reputation of its residents and the court there would likely move the case more quickly than this Court. Defendants argued that the plaintiff does not have strong ties to Louisiana and that this Court is only the home venue to its parent company, Crown Crafts, Inc., which is not a party.

Plaintiff argued that it resides in the Middle District of Louisiana and damages to its good will is occurring in this district. Plaintiff argued that the evidence used to demonstrate its trademark infringement claim, particularly on the issue of confusion, will be located equally in Florida and Louisiana. Plaintiff also argued that the jurisprudential factors considered in transfer decisions are equally distributed between the two forums. Plaintiff argued that because of this balance, its choice of forum should be given preference.

## Applicable Law

28 U.S.C. § 1404 permits a district court to transfer a civil action to any other district or division where it may have been originally brought if warranted "[f]or the convenience of the parties and the witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A party seeking a transfer pursuant to § 1404(a) must show "good cause by satisfying the statutory requirements and clearly demonstrating that the transfer is both for the convenience of the parties and in the interest of justice. " *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008), *citing*, *Humble Oil & Refining Company v. Bell Marine Service*, 321 F.2d 53, 56 (5th Cir.1963). When viewed in the context of § 1404(a). When weighing the plaintiff's choice of venue, the Fifth Circuit has stated:

> [W]hen the transferee venue is not clearly more convenient than the chosen venue, the plaintiff's choice of venue should be respected. Id. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen*, 545 F.3d at 315.

The Fifth Circuit has also adopted the public and private interest factors set forth in *Gulf Oil Corp. v. Gilbert*. *In re Volkswagen*, 321 F.2d at 315, *citing*, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947). The private interest factors include: "(1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of

3

witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These factors are neither exhaustive nor dispositve. *Id.*

## Analysis

A review of the record in light of the applicable law establish that transferring this case to the Southern District of Florida furthers party convenience and the interest of justice. Several *Gilbert* factors favor neither forum. With respect to access to sources of proof, the parties have demonstrated that the location of the evidence concerning the more heavily disputed issues, including the likelihood of confusion, will be roughly split between the plaintiff and the defendants. Evidence located in Louisiana demonstrating the strength of the plaintiff's trademark will be counterbalanced by evidence of the defendants' intent found in Florida.

A forum state's power to issue subpoenas to secure attendance of witnesses is equally balanced. Neither party identified any

4

potential unwilling witnesses. Speculation about witness availability cannot be a contributing factor. Also, each forum state has the same local interest in preserving their residents' trademarks. The parties did not raise any other practical problem that would make the trial easy, expeditious, and inexpensive, and this case has not progressed so far that a transfer now would be prejudicial or detrimental to either party.

Although the above mentioned factors are fairly balanced between the two venues, the cost of attendance for willing witnesses and the administrative difficulties flowing from court congestion favor Florida as the venue for this case. Defendants demonstrated through statical data that the case will likely move more quickly in the Southern District of Florida, which benefits both parties. With respect to witness costs, both parties will rely on their own representatives and employees from their respective states as witnesses. However, the defendants identified two non-party witnesses, Joel Rothman and Dan Weinback, who will contribute critical testimony to its defense. Both of these witnesses live in Florida. Plaintiff has not identified any non-affiliated witnesses at this time who would testify in support of its claims.

The only *Gilbert* factor that supports maintaining this case in the Middle District of Louisiana is its better familiarity with the Louisiana law governing the unfair trade practice and competition

5

claims.  However, the Louisiana law on these issues is well-established and not novel.  The Southern District of Florida would not have any problems resolving these supplemental state law claims.[2]

Because the transferee venue is more convenient, the plaintiff's choice of venue does not weigh heavily in favor of keeping the case in the Middle District of Louisiana.  Moreover, the plaintiff has failed to establish that the Middle District of Louisiana is its home state; rather Louisiana is the home state of its parent corporation, Crown Crafts, Inc., which is not a party.

### Recommendation

It is the recommendation of the magistrate judge that the Defendants Smart Deals, Inc. and JoJo Designs, LLC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) be granted.

Baton Rouge, Louisiana, January 11, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] An analysis of the avoidance of unnecessary problems of conflict of laws is not necessary.